# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1021


**DAVID BAILEY**

**VERSUS**

**AECOM**

\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT  # 2
PARISH OF RAPIDES, NO. 06-07889
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*


## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*


## ON REHEARING

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**Thibodeaux, C.J., dissents and assigns written reasons.**


George A. Flournoy
Flournoy, Doggett & Losavio
P. O. Box 1270
Alexandria, LA 71309-1270
Counsel for Claimant/Appellant:
    David Bailey

James J. Hautot, Jr.
Judice & Adley
P. O. Drawer 51769
Lafayette, LA 70503
Counsel for Defendant/Appellee:
    AECOM

**Pickett, Judge.**

For the reasons assigned in the opinion issued after original hearing of this matter, the judgment of the trial court is affirmed. Any additional costs incurred on rehearing are assessed to the claimant-appellant.

**AFFIRMED.**

DAVID BAILEY

VERSUS

AECOM

THIBODEAUX, Chief Judge, dissenting.

I am convinced that, when reviewing this record in its entirety, the workers' compensation judge was clearly wrong in his findings that the claimant failed to meet his burden of proving a work-related injury by a preponderance of the evidence. While the claimant may not have unequivocally articulated to Dr. Phillips the occurrence of a work-related injury on his first visit, this lack of specificity is not fatal. The physical, objective evidence of injury is, in my view, overwhelming in this case, notwithstanding the self-serving assertions of the employer's witnesses. It is clear that where documents or objective evidence contradicts a witness' story, a court of appeal may find manifest error even in a finding supposedly based upon a credibility determination. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Butler v. Zapata Haynie Corp.*, 92-71 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274.

While the majority cites discrepancies in the claimant's testimony, these inconsistencies are really inconsequential and unintentional, just as they were in *Richard v. Temple-Inland*, 625 So.2d 335 (La.App. 3 Cir. 1993). The majority also cites the claimant's lack of support of an on-the-job accident. As I have stated above, the objective evidence of injury militates against this expressed lack of support.

Further, *Bruno v. Harbert International, Inc.*, 593 So.2d 357 (La.1992) focuses on *serious* doubt being cast upon the worker's version of the accident. No such *serious* doubt exists in this case, particularly when the claimant's version is clearly corroborated by both medical and lay testimony.

I am aware that more often than not a fact finder's findings will be given deference. "Certainly, the fact finder should be accorded great latitude and discretion, but discretion must always be buttressed by sound judgment. It is not immutable." *Butler*, 633 So.2d at 1279. The judgment in this case was undermined by a lack of sound judgment.

For the foregoing reasons, I respectfully dissent.